EL PUEBLO Y EL HON. ATTORNEY GENERAL, PETICIONARIOS, *v.*
LA CORTE DE DISTRITO DE SAN JUAN, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* contra la Corte de Distrito de San Juan, Primer Distrito, Hon. Charles E. Foote, Juez.

### No. 371.—Resuelto en julio 13, 1922.

JURISDICCIÓN—DENUNCIA DE LAS PARTES—ORDEN SOBRE ENTREGA DE EVIDENCIA.— En el presente caso el fiscal, por medio de moción *ex parte* e invocando una orden que dictara anteriormente la Corte de Distrito para que cierto informe del Gran Jurado quedara en poder del fiscal, y exponiendo además que tal informe se basó en documentos que estuvieron en poder del Gran Jurado ·y que juntamente con el informe se hallan en poder del Attorney General quien se niega a entregarlos al peticionario que los necesita para estudio y decisión final, demandó de la corte una orden para la entrega de dichos documentos. Recurrida por *certiorari* la orden que dispuso la entrega y apercibió de desacato al Attorney General, *se resolvió:* que la orden era nula porque no teniendo la corte jurisdicción por razón de la materia de la acción, la sumisión de las partes no podía dársela.

Los hechos están expresados en la opinión.

Abogados de los peticionarios: *Hon. Attorney General* y *Sres. M. A. Muñoz* y *J. A. Loret.*

Abogado del demandado: *Sr. J. B. Soto.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Por virtud de un auto de *certiorari* que libramos en este caso a petición del Attorney General de Puerto Rico tenemos ante nosotros los procedimientos seguidos en la Corte de Distrito de San Juan, Primer Distrito, como consecuencia de una petición que le hizo el fiscal de dicha corte, Rafael Arrillaga Urrutia. Esa petición dice así:

"Primer Distrito Judicial de San Juan.—En la Corte del Distrito.—*Ex parte,* El Fiscal del Distrito de San Juan, Distrito Primero.—Peticionario.—No. 908.—Moción.—A la Hon. Corte de Distrito, Distrito Judicial de San Juan, Primer Distrito:—Comparece ahora el infrascrito fiscal y respetuosamente expone: Que en seis de abril de 1922 esta Hon. Corte dictó una orden disponiendo que el informe rendido por el Gran Jurado de este Distrito de cinco de abril de 1922, en relación con ciertos actos que se imputan a E. Mont-

gomery Reily, J. R. Hull y W. Kessinger, quedara bajo la custodia y en poder del Fiscal de este Distrito.

"Que dicho informe se basó en documentos, papeles, declaraciones juradas y *exhibits,* que estuvieron en poder de dicho Gran Jurado y que hoy se encuentran lo mismo que el informe antedicho, en poder del Attorney General de Puerto Rico, Hon. Salvador Mestre, el cual se niega a entregarlos al compareciente, aún cuando éste le ha requerido su entrega varias veces por necesitar dicho informe, papeles, documentos, *exhibits* y declaraciones juradas para hacer un estudio de la cuestión que le permita llegar a una decisión final en el asunto; pues si bien es cierto que en distintas ocasiones ha visto dichos informes, papeles, documentos, *exhibits* y declaraciones juradas en poder del Attorney General, nunca los ha tenido en las propias suyas, con aquella calma y detención que requiere el estudio de un asunto, en el cual tiene él la mayor responsabilidad.

"Por lo que solicita se dicte una orden requiriendo al Attorney General o a cualesquiera de sus *assistants* que le sustituya por su ausencia, para que haga entrega inmediata al compareciente de dicho informe, documentos, papeles y todos los demás documentos que existan en su poder y que sirvieron de base a dicho Gran Jurado, para emitir el informe antes mencionado, a fin de que pueda el suscribiente determinar lo que proceda en relación con los mismos.

"San Juan, P. R., junio 2, 1922.—(Fdo.)   Rafael Arriga Urrutia, Fiscal del Distrito Primero de San Juan, P. R.—Jurada y suscrita ante mí, por Rafael Arrillaga Urrutia, abogado y vecino de San Juan, a quien conozco personalmente, hoy el día 2 de junio de 1922.—(Fdo.)   C. Marrero, Secretario Corte Distrito Primero."

Después de presentada en la corte el fiscal Domingo Massari acudió por escrito el mismo día ante dicha corte alegando haber sido nombrado por el Attorney General fiscal en comisión para dicha corte y desistió de la petición hecha por el fiscal Arrillaga. Este presentó en la misma fecha otra moción diciendo que ha recibido una comunicación del Attorney General para que se traslade a Mayagüez y entregue la Fiscalía de San Juan al fiscal Domingo Massari con todos los papeles de ella, pero que no teniendo efecto ni valor alguno dicha orden de traslado continúa siendo el Fiscal de San Juan y como tal pide que se resuelva por sus méritos

su petición para que el Attorney General le entregue los documentos que solicita.

Después de lo expuesto, el mismo 2 de junio de 1922, sin citación ni audiencia del Attorney General, la corte ordenó al Attorney General de Puerto Rico haga inmediata entrega al fiscal de la corte de los documentos que interesa y *motu propio* lo apercibió con castigarlo por desacato si así no lo hiciere.

Al día siguiente dos fiscales auxiliares del Attorney General de Puerto Rico, en representación de éste, pidieron a la corte que reconsiderara dicha orden y presentaron. además otra moción suplementaria exponiendo los motivos que el Attorney General de Puerto Rico tuvo para ordenar el traslado temporal del fiscal Arrillaga a la Corte de Distrito de Mayagüez. Para impugnar la moción suplementaria presentó el fiscal Arrillaga una declaración escrita y jurada (*affidavit*).

Después, el día 7 de junio, la corte negó la reconsideración pedida por el Attorney General de Puerto Rico, confirmó la orden del día 2 y levantó la suspensión que de ésta había dictado el día 4. Estos son todos los procedimientos seguidos en la corte inferior hasta que ordenamos nos fueran remitidos.

¿Tenía la corte inferior jurisdicción en este asunto? Esta es una cuestión que toda corte de justicia debe tener presente antes de decidir cualquier petición que se le haga porque si carece de ella. su decisión del asunto será completamente nula y por tanto no podrá cumplirse aunque las partes se le hayan sometido y no hayan impugnado su jurisdicción sobre la materia de la acción, porque la sumisión. de las partes no confiere jurisdicción a una corte que no la tenga por razón de la materia. 11 Cyc. 673. Tal cuestión debemos considerarla en primer término porque si la corte inferior no la tenía tampoco la tendremos nosotros en este *certiorari* para decidir las cuestiones propuestas por las par-

tes. El tribunal que no está autorizado para conocer de determinado asunto tampoco lo está para decidir las cuestiones que de él surjan.

Sentado lo que precede examinaremos la petición del fiscal Arrillaga que dió origen a los procedimientos que tenemos bajo nuestra consideración.

Se limita el fiscal Arrillaga en su petición *ex parte* al tribunal a manifestarle que en 6 de abril de 1922 dispuso que un informe rendido por el Gran Jurado de su distrito quedara en poder del fiscal del mismo distrito; que ese informe se basó en ciertos documentos que estuvieron en poder del Gran Jurado y que ahora se encuentran, lo mismo que el informe dicho, en poder del Attorney General de Puerto Rico quien se niega a entregarlos al peticionario a pesar de que los necesita para hacer un estudio de ellos que le permita llegar a una decisión final en el asunto. Esto es todo lo que se alega para pedir a la corte que ordene que le sean entregados dichos papeles por el Attorney General de Puerto Rico o por el auxiliar que le sustituya en su ausencia.

La cuestión, pues, propuesta por el peticionario es que la corte mande entregarle ciertos documentos que tiene el Attorney General de Puerto Rico para él examinarlos y poder llegar a una decisión final con respecto a ellos y determinar lo que proceda. En otras palabras, pretende por una orden de la corte obtener prueba para examinarla y decidir lo que proceda, y nosotros no creemos que la corte esté facultada para ordenar a una persona que entregue al fiscal documentos que tiene en su poder para que aquél los estudie y decida lo que proceda hacer con vista de ellos. Si una orden de esta naturaleza pudiera dictarse contra el Attorney General de Puerto Rico también podría dictarse contra cualquiera otra persona. No conocemos procedimiento alguno en nuestras leyes establecido con ese objeto ni se nos ha demostrado que exista. El único procedimiento que pudiera creerse que tiene alguna relación con el presente es el auto de *man-*

*damus,* pero la petición no es una solicitud de *mandamus* ni de ella aparece que el Attorney General de Puerto Rico esté obligado a entregar esos documentos como un acto que la ley particularmente le ordene como deber resultante de su cargo.

Por no tener la corte inferior jurisdicción sobre la cuestión propuesta por el fiscal Arrillaga en su petición a ella, debemos anular todos los procedimientos habidos en este caso en la corte inferior y especialmente la orden que dictó en 2 de junio de 1922 y su concordante de 7 del mismo mes y año.

> *Anulados los procedimientos habidos en la corte inferior y especialmente la orden de junio 2, 1922, y su concordante de 7 del mismo mes y año.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.